CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No. 7:10CR00052 |
| | ) | |
| v. | ) | |
| | ) | |
| JERMAINE LEE HALL, | ) | |
| | ) | By: Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Jermaine Lee Hall, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 52. The government filed a motion to dismiss, ECF No. 63, and the time allotted for Hall to respond has elapsed, making this matter ripe for consideration. After review of the record, the court concludes that Hall expressly waived any challenge to being considered a career offender under the United States Sentencing Guidelines in exchange for a jointly recommended sentence below the guidelines of 144 months. As such, the government's motion to dismiss will be granted, and Hall's § 2255 motion dismissed.

## I.

On August 19, 2010, a federal grand jury charged Hall in a five-count indictment with various drug trafficking crimes. On March 1, 2011, Hall pleaded guilty, pursuant to a written plea agreement, to knowingly and willfully distributing more than five grams of a mixture or

substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count One").[1] Plea Agree., ECF No. 27, at 1.

The Presentence Investigation Report ("PSR") recommended, for Count One, a total offense level of 31, a criminal history category of VI, and an imprisonment range of 188 to 235 months. PSR, ECF No. 40, ¶¶ 27, 46. At the time of conviction for Count One, Hall had two prior felony convictions of controlled substance offenses, including a 1996 federal conviction for conspiracy to distribute cocaine base, and a 1998 Virginia conviction for two counts of distribution of cocaine. PSR ¶¶ 19, 22, 24, ECF No. 40. Accordingly, the PSR recommended that Hall be classified as a career offender, pursuant to USSG § 4B1.1. Id.

A sentencing hearing was held before United States District Judge Samuel G. Wilson on August 1, 2011.[2] At the hearing, the parties made a joint recommendation for a sentence of 144 months. This joint recommendation represented the agreed resolution of the issue as to whether Hall was properly considered a career offender under § 4B1.1. As his counsel explained at sentencing, the issue concerned whether Hall's prior drug convictions were properly counted under the career offender guideline. As Hall's counsel explained, "we, basically give up the idea of litigating the relevant conduct issue and would admit for the purposes of this hearing that he would be a career offender, and then ask the Court to depart to the agreed upon 144 months." Sent. Hr'g Tr., ECF No. 55, at 4. The government agreed, stating: the "government believes, if it had to, it could have proven Mr. Hall was a career offender. But this resolution seems to serve the purpose of punishment." Id. Judge Wilson likened this agreement to a Rule 11(c)(1)(C) plea and observed "[e]ssentially, though, at this juncture, what he is doing, whether he is or isn't a career offender, he is surrendering his opportunity to challenge one way or another if he gets a

---

[1] Pursuant to the colloquy at sentencing, Counts Two, Three, Four, and Five of the five-count indictment were dismissed. Sent. Hr'g Tr., ECF No. 55, at 11.
[2] Judge Wilson has since retired, and this case was assigned to the undersigned United States District Judge.

144-month sentence; is that right?" Id. at 5. Hall's counsel agreed, and the court proceeded to

question Hall directly regarding the agreement.

> The Court: You understand that if I go ahead and sentence you to -- I will go ahead and sentence you to 144 months, if I agree with what is, essentially, a resolution of this matter, rather than resolve the question of whether you're a career offender or not. Do you understand that?
>
> Defendant: Yes, sir.
>
> The Court: I mean you have the right for me to decide whether you're a career offender or not. You understand that?
>
> Defendant: Yes, sir.
>
> The Court: And you understand you're essentially surrendering that here?
>
> Defendant: Yes, sir.
>
> The Court: Do you understand that if you do, and if I sentence you to 144 months, you also have these waivers in your plea agreement that prohibit you or preclude you from appealing? Do you understand that?
>
> Defendant: Yes, sir.
>
> The Court: And you also understand that there's a collateral attack waiver, that that means that you can't challenge this later? Do you understand that?
>
> Defendant: Yes, sir.
>
> The Court: And almost any challenge whatsoever would be precluded by these two waivers together. Do you understand that?
>
> Defendant: Yes, sir.
>
> The Court: And it's your desire to do that?
>
> Defendant: Yes, sir.
>
> The Court: Do you understand that it doesn't matter to me whether or not you go ahead and challenge the career offender at this time or not? Do you understand that it's up to you?
>
> Defendant: Yes, sir.
>
> The Court: And you've talked with Mr. Blaylock about whether or not you may or may not be a career offender, and you want to go ahead and resolve it this way; is that right?

Defendant: Yes, sir.

The Court: Nobody has put any pressure on you, threatened you, coerced you in any way to do this?

Defendant: No, sir.

Id. at 5-7. Following these questions, the court concluded: "All right. Well, Counsel, I see no reason not to, under the circumstances, not to follow your — essentially, what is really a joint recommendation, because we're post plea. I've treated it somewhat like an 11(c)(1)(C), in a sense, by speaking directly with Mr. Hall about it, to assure myself that he knows what's happening and what's transpiring. I see no reason not to follow your joint recommendation." Id. at 7-8.

Accordingly, the court accepted the plea agreement and sentenced Hall to a total of 144 months' imprisonment, and a term of four years of supervised release in the event of release. Judgment at 2, ECF No. 38. The court entered judgment on August 2, 2011. Hall did not file an appeal.

On June 16, 2016, Hall filed this § 2255 motion seeking a reduced sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) ("Johnson II").[3] In his motion, Hall alleged that he received a sentence above the guideline range and would have received the benefit of a lower sentence had there been no plea agreement and no career offender enhancement. § 2255 Mot., ECF No. 52, at 2. The court appointed the Federal Public Defender's Office to represent Hall and provide supplemental briefing, if necessary, in light of Johnson II, pursuant to Standing Order 2015-5. ECF No. 48. The Federal Public Defender's Office declined to file any additional pleadings on Hall's behalf and moved to withdraw, a motion which the court granted. ECF Nos. 60, 61.

---

[3] The court refers to the 2015 opinion as Johnson II, to differentiate it from an earlier opinion on a related subject, Johnson v. United States, 559 U.S. 133 (2010).

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Hall bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Waiver of Right to Bring § 2255 Motion

Hall accepted the terms of his plea agreement, and therefore, he cannot collaterally attack his sentence by way of a § 2255 Motion. "A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (holding that absent extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted plea colloquy are always palpably incredible and patently frivolous or false).[4] Here, Hall cannot establish anything other than that his waiver was knowingly and voluntarily made. He signed and initialed every page of his plea agreement, which stipulated that he waived his right to collaterally attack his sentence. See Plea Agree., ECF No. 27. At his plea colloquy, the court reviewed with Hall that he was giving up his right to collaterally attack his sentence. Sent. Hr'g Tr., ECF No. 55, at 6. Hall stated that he understood. Id. at 8. Because Hall's § 2255 claim directly contradicts his sworn statements at his plea colloquy, it is unavailing. Lemaster, 403 F.3d at 221.

---

[4] In exceptional instances, an express knowing waiver will not bar appeal of a sentence when the sentence was (1) imposed in excess of the maximum penalty provided by law or (2) based on a constitutionally impermissible factor such as race. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). Neither of these exceptions are at issue in Hall's case.

Importantly, at the sentencing hearing, Hall expressly waived his right to contest his career offender categorization. As such, his claim that he was erroneously sentenced with a career offender enhancement is not reviewable. Hall was questioned in detail about surrendering any challenge to his career offender status and expressly agreed not to contest his career offender categorization in exchange for the jointly recommended 144-month sentence. Thus, given the explicit nature of Hall's waiver and the thorough questioning on this issue by the court at sentencing, it is clear that Hall may not challenge application of the career offender guideline to his sentence.

### B. Johnson II Claim

In any event, Hall's Johnson II claim is unavailing. Hall filed his § 2255 motion on June 16, 2016, arguing that the Supreme Court's decision in Johnson II requires a sentence reduction and vacatur of his career offender status under § 4B1.1 of the Guidelines. In Johnson II, the Court examined the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and determined that certain language in the ACCA was unconstitutionally vague and therefore void. 135 S. Ct. at 2563. As Hall was not sentenced under the ACCA and did not receive an ACCA-enhanced sentence, Johnson II has no direct application to his sentence.

However, at the time Hall was sentenced, § 4B1.1 of the Guidelines included language similar to that invalidated by Johnson II in the ACCA, and Hall asks that the holding in Johnson II be applied to his career offender status under the Guidelines. Recently, in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court rejected this argument, holding that "the Guidelines are not amenable to a vagueness challenge." Id. at 894. Accordingly, Hall's status as a career offender is not subject to constitutional challenge pursuant to Johnson II, and his motion to vacate must be dismissed as untimely under § 2255(f)(3).

For the reasons stated, Hall's § 2255 motion, ECF No. 52, is **DENIED**, and the government's motion to dismiss, ECF No. 63, is **GRANTED**. Because Hall has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied. The Clerk is directed to strike this matter from the active docket.

It is so **ORDERED**.

Entered: 07-17-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge