CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Soward
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:10-CR-52 |
| | ) | |
| v. | ) | |
| | ) | |
| JERMAINE LEE HALL, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Jermaine Lee Hall filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced from 144 months to 116 months, which may result in his immediate release. ECF No. 78. The government does not contest that Hall is eligible for a reduction in his sentence, and agrees that his sentence should be modified to 116 months followed by a 3-year term of supervised release. The government asks that if a reduction in Hall's sentence results in his immediate release, that the judgment be stayed for ten days to allow the Bureau of Prisons sufficient time to process his release. ECF No. 84. Also pending are pro se motions Hall filed claiming he is entitled to relief under Hughes v. United States, 138 S.Ct. 1756 (2018), and requesting a hearing. ECF Nos. 70, 73.

For the reasons set forth below, the court will **GRANT** Hall's request under the First Step Act and modify his sentence to 116 months, but not less than time served, to be followed by a 3-year term of supervised release. Hall's motion for relief under Hughes and his request for a hearing will be denied as moot. The judgment will be stayed for ten days if the Bureau of Prisons determines that Hall is entitled to immediate release.

I.

On August 19, 2010, Hall was indicted on four counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of possessing a measurable quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF Nos. 3, 79. On March 1, 2011 Hall entered into a written plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure where he pleaded guilty to one count of distributing more than 5 grams of cocaine base. ECF No. 27. The statutory maximum term of imprisonment based on 5 grams of cocaine base was 40 years. 21 U.S.C. § 841(b)(1)(B) (2000). ECF No. 27 at 3-4. The remaining counts were dismissed.

According to the PSR, Hall was held accountable for between 840 and 2,800 grams of cocaine base. He also was found to be a career offender based two prior felony drug convictions. His total offense level based on the drug weight was 31, after adjustment for acceptance of responsibility, which was the same as his offense level under the career offender guideline. See USSG § 4B.1.1(b)(2); ECF No. 79 at 5. His offense level coupled with a criminal history category of VI resulted in a sentencing range of 188-255 months. USSG Ch. 5, Part A; ECF No. 79 at 11.

At the sentencing hearing held on August 1, 2011, the parties told the court that there was a dispute regarding Hall's classification as a career offender. Rather than litigate Hall's status, the parties agreed that a sentence of 144 months was appropriate and the court entered that sentence, to be followed by a 4-year term of supervised release. The court compared the agreement to a Rule 11(c)(1)(C) plea agreement. ECF No. 55 at 2-5. Hall has served

approximately 99 months and his projected release date is June 27, 2020 via 18 U.S.C. § 3621(e) (participation in a residential substance abuse treatment program). ECF No. 83.

At the time Hall was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2000). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base. If an offense involves less than 28 grams of cocaine base, there is no mandatory minimum sentence and the mandatory maximum sentence is 20 years. 21 U.S.C. § 841(b)(1)(C).

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by

3

section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Hall. Because he pleaded guilty to 5 grams of cocaine base, if the Fair Sentencing Act had been in effect in when Hall was sentenced, he would have had no mandatory minimum sentence and the maximum sentence would have been 20 years. 21 U.S.C. § 841 (b)(1)(C) (2010). In turn, that maximum sentence coupled with his career offender designation would have resulted in a base level offense of 32 and a total offense level of 29. USSG §4B1.1(b)(3); ECF No. 83. With a criminal history category of VI, the corresponding advisory range for offense level 29 is 151-188 months of imprisonment. ECF No. 83.

Had Hall been sentenced after passage of the Fair Sentencing Act, the appropriate sentencing range would have been 151-188 months. His sentence of 144 months represented a 23.4 percent reduction from the bottom of his original guideline range of 188-255 months. Applying a 23.4 percent reduction to the bottom of his current sentencing guideline results in a sentence of 116 months. Thus, an appropriate sentence for Hall under the First Step Act would be 116 months, followed by a 3-year term of supervised release. Because Hall has served approximately 99 months, it appears that he may be entitled to immediate release when his good conduct time is factored into his sentence.

## III.

On September 14, 2018 Hall filed a pro se motion for a reduction in his sentence and requested a hearing. ECF Nos. 70, 73. He argued that he is wrongfully categorized as a career offender and that he is entitled to relief pursuant to Hughes v. United States, 138 S.Ct. 1765 (2018). The Federal Public Defender (FPD) was ordered to appear and notify the court as to whether Hall was entitled to relief under Hughes. ECF No. 74. The FPD filed the instant amended motion to reduce Hall's sentence pursuant to the First Step Act, but did not argue that Hall was entitled to any additional reduction under Hughes. The FPD did argue that the fact that Hall's sentence was the result of a plea treated by the court as Rule 11(c)(1)(C) agreement did not affect the analysis under the First Step Act. The government did not address Hall's Hughes motion.

In Hughes, the Court held that defendants who entered into Rule 11(c)(1)(C) plea agreements based on the sentencing guidelines were entitled to a two-level reduction in their base offense level pursuant to Amendment 782 of the guidelines. Hughes, 138 S.Ct. at 1774. Hall previously sought a reduction pursuant to Amendment 782, arguing that he was entitled to a reduction of his sentence from 144 months to 119 months. ECF No. 46. The motion was denied on May 28, 2015 after the court found that Hall was ineligible because his total offense level and resulting custody range were produced by the career offender guideline, which was unaffected by Amendment 782. ECF No. 47. In Hall's pro se Hughes motion, he argues that it was error to deny him relief based on career offender status because testimony at the

5

sentencing hearing indicated that it was unclear whether Hall could be considered a career offender. See discussion, ECF No. 55 at 2-3.

The court finds that it is unnecessary to address Hall's claim that he is entitled to a reduced sentence under Hughes because he is receiving the benefit of a two-level reduction in his sentence via this claim under the First Step Act. Accordingly, his motions, ECF Nos. 70 and 73, are denied as moot.

## IV.

For the reasons stated above, the court will **GRANT** Hall's motion to reduce his sentence, ECF No. 78, and modify his sentence to a total period of 116 months, but not less than time served, to be followed by a 3-year term of supervised release. The court finds the sentence is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. The court will **DENY** Hall's motion for Hughes relief and request for a hearing, ECF Nos. 70 and 73, as moot. The Bureau of Prisons is directed to recalculate Hall's release date based on his amended sentence of 116 months and release him if he has fully served his sentence.

An appropriate Order and amended judgment will be entered. If Hall is entitled to immediate release, judgment will be stayed for ten days to give the Bureau of Prisons sufficient time to process his release.

Entered: 03-14-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge